```
           IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF OKLAHOMA

EDWARD C. JIRASH,              )
                               )
        Plaintiff,             )
                               )
v.                             )   Case No. CIV-16-179-RAW-KEW
                               )
NANCY A. BERRYHILL, Acting     )
Commissioner of Social         )
Security Administration,       )
                               )
        Defendant.             )
```

### REPORT AND RECOMMENDATION

Plaintiff Edward C. Jirash (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

(10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was 64 years old at the time of the ALJ's latest decision. Claimant completed his high school education, some college, and truck driving school. Claimant has worked in the past as a delivery driver, route sales person, truck unloader/warehouse job, and insurance agent. Claimant alleged an inability to work beginning on August 30, 2010 due to limitations caused by hip and knee pain, arthritis pain, and lower back pain.

**Procedural History**

3

On January 11, 2011, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. After an administrative hearing, Administrative Law Judge ("ALJ") Doug Gabbard, II issued an unfavorable decision on August 31, 2012. Thereafter, the decision was reversed by the Appeals Council and remanded with instructions.

On August 20, 2014, ALJ Gabbard conducted a hearing by video with Claimant appearing in Fort Smith, Arkansas and the ALJ presiding in McAlester, Oklahoma. On January 5, 2015, the ALJ issued a second unfavorable decision. On March 11, 2016, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the residual functional capacity ("RFC") to perform his past relevant work as an insurance agent. Alternatively, the ALJ found Claimant could perform less than a full range of light work.

### Error Alleged for Review

Claimant asserts the ALJ committed error in (1) reaching an improper RFC determination; and (2) failing to make proper findings at step four.

### RFC Determination

In his decision, the ALJ determined Claimant suffered from the severe impairments of degenerative osteoarthritis of the right hip status post hip replacement; left knee degenerative arthritis status post arthroscopic surgery; and lumbar degenerative disc disease with spondylolisthesis.  (Tr. 22).  The ALJ concluded that Claimant retained the RFC to perform his past relevant work as an insurance agent.  (Tr. 36).

Alternatively, the ALJ found Claimant could perform less than a full range of light work.  In so doing, the ALJ determined Claimant could lift/carry 20 pounds occasionally and ten pounds frequently, could sit for about six hours in an eight hour workday, could stand and walk for about six hours in an eight hour workday, could occasionally climb, balance, stoop, kneel, crouch, and crawl. The ALJ determined Claimant must be allowed to alternately sit and stand every 15 minutes throughout the workday for the purpose of changing positions, but without leaving the workstation. (Tr. 24). After consulting with a vocational expert, the ALJ found Claimant could perform his past relevant work.  As a result, the ALJ found

Claimant was not disabled from August 30, 2010 through the date of the decision. (Tr. 37).

Claimant first attacks the ALJ's findings in reaching an RFC – some arguments are directly related to the RFC, some are related to other issues. He first contends the ALJ should have found his diabetic neuropathy as a severe impairment at step two. Where an ALJ finds at least one "severe" impairment, a failure to designate another impairment as "severe" at step two does not constitute reversible error because, under the regulations, the agency at later steps considers the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. Brescia v. Astrue, 287 F. App'x 626, 628-629 (10th Cir. 2008). The failure to find that additional impairments are also severe is not cause for reversal so long as the ALJ, in determining Claimant's RFC, considers the effects "of all of the claimant's medically determinable impairments, both those he deems 'severe' and those 'not severe.'" Id. quoting Hill v. Astrue, 289 F. App'x. 289, 291-292, (10th Cir. 2008).

The evidence indicates the ALJ considered Claimant's diabetic condition as well as the effects resulting from the condition including retinopathy and neuropathy. (Tr. 23, 29-30). He concluded the conditions were less than severe impairments. The

omission of these conditions at step two is not reversible error.

Claimant also challenges the rejection of the opinion of his physical therapist, Velvet Medlock. Ms. Medlock authored an RFC evaluation form on Claimant dated October 17, 2012. Ms. Medlock limited Claimant to sitting for one hour at a time and six hours in an eight hour workday, standing for 30 minutes at a time and one hour in an eight hour workday, and walking for 15 minutes at a time and one hour in an eight hour workday. She also found he needed an assistive device to stand an walk but does not use one and needs breaks hourly or less. He can occasionally lift and carry up to ten pound. According to Ms. Medlock, Claimant's use of his lower extremities is limited with "very poor sensation" and require elevation. He can only occasionally push/pull, work in extended position, work above shoulder level, work overhead, and reach. Ms. Medlock estimated Claimant could rarely bend, balance, or climb stairs but could never squat, crawl, stoop, crouch, kneel, twist, or climb ladders, ramps, or scaffolds. (Tr. 509-11).

The ALJ gave "no weight" to Ms. Medlock's opinion. He based this conclusion on (1) she is not an acceptable medical source; (2) no longitudinal relationship with Claimant as she only observed him on a single occasion; (3) Ms. Medlock's adoption of limitations which were not available to her at the time of her functional capacity evaluation, including x-rays she ordered which were not

available when she made her report and statements that she thought Claimant should use a cane when he did not; (4) findings by Ms. Medlock of diminished sensation in the feet when other testing by other evaluators found to the contrary; (5) Ms. Medlock's finding of weakness in the lower extremities and a waddling gait when medical records from the Veterans Administration do not reflect such conditions; (6) attributing Claimant's inability to wear closed toe shoes to diabetic neuropathy when Claimant testified it was due to swelling in his feet; and (7) Ms. Medlock was not a specialist in any field. (Tr. 30-31).

The ALJ is correct that Ms. Medlock, as a physical therapist, is a non-medical source under the regulations. Only "acceptable medical sources" can provide evidence to establish the existence of a medically determinable impairment, 20 C.F.R. § 404.1513(a), only they can provide medical opinions, 20 C.F.R. § 404.1527(a)(2), and only they can be considered treating sources, 20 C.F.R. § 1527(d). The regulations, however, also contemplate the use of information from "other sources," both medical and non-medical. See 20 C.F.R. §§ 404.1502, 404.1513(d). In the category of other medical sources, the regulations include, but are not limited to, nurse practitioners, physicians' assistants, naturopaths, chiropractors, audiologists, and therapists. 20 C.F.R. § 404.1513(d)(1).

The ALJ expressly considered Ms. Medlock's opinion under the

rubric set forth in Watkins v. Barnhart, 350 F.3d 1297, 1300-01 (10th Cir. 2003).  He justified his rejection of the opinion in great detail, citing to the conflicting medical record and the stark contrast with other medical sources.  This Court finds no error in the ALJ's evaluation of Ms. Medlock's opinion as set forth in her source statement.

Claimant is also critical of the ALJ not ordering consultative examinations in fulfilling his duty to develop the record. Generally, the burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability.  Branam v. Barnhart, 385 F.3d 1268, 1271 (10th Cir. 2004) citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987).  A social security disability hearing is nonadversarial, however, and the ALJ bears responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues raised."  Id. quoting Henrie v. United States Dep't of Health & Human Services, 13 F.3d 359, 360-61 (10th Cir. 1993).  As a result, "[a]n ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing." Id. quoting Carter v. Chater, 73 F.3d 1019, 1022 (10th Cir. 1996).  This duty exists even when a claimant is represented by counsel.  Baca v. Dept. of Health & Human Services,

9

5 F.3d 476, 480 (10th Cir. 1993). The court, however, is not required to act as a claimant's advocate. Henrie, 13 F.3d at 361.

The duty to develop the record extends to ordering consultative examinations and testing where required. Consultative examinations are used to "secure needed medical evidence the file does not contain such as clinical findings, laboratory tests, a diagnosis or prognosis necessary for decision." 20 C.F.R. § 416.919a(2). Normally, a consultative examination is required if

> (1) The additional evidence needed is not contained in the records of your medical sources;
>
> (2) The evidence that may have been available from your treating or other medical sources cannot be obtained for reasons beyond your control, . . .
>
> (3) Highly technical or specialized medical evidence that we need is not available from your treating or other medical sources;
>
> (4) A conflict, inconsistency, ambiguity or insufficiency in the evidence mus be resolved, and we are unable to do so by recontacting your medical source; or
>
> (5) There is an indication of a change in your condition that is likely to affect your ability to work.
>
> 20 C.F.R. § 416.909a(2)(b).

None of these bases for ordering a consultative examination exists in the record. The ALJ did not violate his duty to develop the record by not ordering further medical evaluations.

Claimant also asserts the ALJ's reliance upon non-examining agency physicians contradicts his rejection of Ms. Medlock's opinion which was based upon a one time examination. This Court cannot ignore that Ms. Medlock represented a non-medical source. Given the aberrant nature of her opinions in contrast to the objective medical record and other opinion evidence, it was not erroneous for the ALJ to favor these opinions over that of Ms. Medlock.

Claimant contends the ALJ performed an improper credibility analysis on Claimant's subjective claims of pain and limitation. The ALJ cited to several inconsistencies in Claimant's testimony including (1) he stated he could perform several daily living tasks in his adult function report at the beginning of the application process but testified that he was in constant pain, does little housework, limited driving, restricted lifting; (2) no medical evidence of a need to elevate his feet when he testified to the requirement; (3) he testified he was missing vertebrae without support in the medical record; (4) Claimant testified he needed knee replacement when the medical record indicated he did not want to proceed with this surgery and the record showed Claimant had a normal gait and no abnormal findings; (5) Claimant testified to medication side effects without support in the record; and (6) he testified to hand problems but had not disclosed the condition to

his physicians. The ALJ did not reject the fact Claimant experienced some discomfort but not to the level he indicated. (Tr. 34-36).

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or

other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

The ALJ relied upon appropriate factors in evaluating the credibility of Claimant's statements. The nature of Claimant's treatment, the objective medical testing, and the inconsistencies between the claimed restrictions and Claimant's activities all form specific and legitimate reasons for the ALJ's questioning of Claimant's credibility.

**Step Four Analysis**

Claimant contends he could not perform his past relevant work as an insurance agent. Claimant contends he did not perform this work for a sufficiently long period of time to classify it as past relevant work. To be considered as past relevant work, the claimant must have performed it long enough to have learned the job. 20 C.F.R. § 404.1565. Since the insurance agent job has an SVP of 6, it generally takes at least a year to learn the job. Claimant testified that he worked on the job for six months. (Tr. 52). A four year college degree is equal to two years of SVP. POMS DI 25001.001. Claimant testified that he was one semester short of graduating with a four year degree. (Tr. 79). The ALJ combined the six months on the job and the time attending college to conclude Claimant had sufficiently learned the job. (Tr. 36). This Court finds no authority interpreting this particular section of the

Social Security Administration's Program Operations Manual Systems. POMS is an internal Social Security Administration manual, for the use of Social Security Administration employees, and has no "force and effect of law". "It is, nevertheless, persuasive" authority. Hermes v. Sec'y of Health & Human Servs., 926 F.2d 789, 791 n. 1 (9th Cir. 1991). This section of the manual obviously equates learning in the classroom in higher education with learning in a particular vocation. As such is the case, this Court finds no error in the ALJ's interpretation of this section to include near completion of a degree.

Claimant also attempts to insert ambiguity into the vocational expert's testimony. The ALJ first inquired using a hypothetical question which included the restrictions in the RFC except for a sit/stand option. (Tr. 70). The vocational expert testified Claimant could perform the insurance agent job. Id. The ALJ asked if Claimant could perform other jobs in the economy and the expert testified he could not. (Tr. 71). The ALJ then posed a hypothetical question which included all of the RFC restrictions including the sit/stand option related to both of the prior questions. Id. The vocational expert testified yes to both questions. Id.

"Testimony elicited by hypothetical questions that do not

14

relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision." Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991). In positing a hypothetical question to the vocational expert, the ALJ need only set forth those physical and mental impairments accepted as true by the ALJ. Talley v. Sullivan, 908 F.2d 585, 588 (10th Cir. 1990). Additionally, the hypothetical questions need only reflect impairments and limitations borne out by the evidentiary record. Decker v. Chater, 86 F.3d 953, 955 (10th Cir. 1996). Moreover, Defendant bears the burden at step five of the sequential analysis. Hargis, 945 F.2d at 1489.

While the ALJ's sequence of questioning and incorporation of prior questions was not a model of clarity, the testimony was decipherable from the vocational expert such that the ALJ could rely upon his answers in his step four findings.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation

to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 24th day of July, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE